In the Matter of DAVID A. BAKER, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 8, 1990

**APPEARANCES OF COUNSEL**

*Paul J. Ginnelly* for petitioner.

*J. Michael Forsyth* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to practice by this court on March 17, 1986 and maintained an office for the practice of law in Syracuse. He is charged by the Grievance Committee of the Fifth Judicial District with multiple violations of the Code of Professional Responsibility and the rules of this court, specifically Code of Professional Responsibility DR 1-102 (A) (3) (engaging in illegal conduct involving moral turpitude); DR 1-102 (A) (4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); DR 1-102 (A) (5) (engaging in

conduct prejudicial to the administration of justice); DR 1-102 (A) (6) (engaging in conduct that adversely reflects on his fitness to practice law); DR 9-102 (A) (failing to properly identify and preserve funds and property of a client); DR 9-102 (B) (1) (failing to promptly notify a client of the receipt of his funds); DR 9-102 (B) (3) (failing to maintain complete records of funds, securities and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them); DR 9-102 (B) (4) (failing to promptly pay or deliver to the client as requested by the client the funds, securities or other properties in the possession of the lawyer which the client is entitled to receive); and Rules of the Appellate Division, Fourth Department, § 1022.5 (a) (22 NYCRR) (commingling and converting clients' funds) and § 1022.5 (b) (failing to maintain true and correct records of clients' fiduciary accounts and withdrawing from said accounts moneys for his own compensation and use without accounting and reporting to his client beforehand).

The allegations in the petition, all of which have been admitted by respondent, show that he converted to his own use moneys belonging to two clients and to a real estate broker who sold the home of a client. On July 20, 1989, respondent received, on behalf of his clients, the net proceeds from the sale of their real property. Respondent did not deposit the money in his bank account. The clients made numerous attempts to obtain their money. Approximately one month after the closing, respondent sent his clients a check in the amount of $2,950.94, representing the net proceeds. The check was returned for insufficient funds. The clients presented the check a second time and were informed that there were insufficient funds in respondent's account. The clients filed a certificate of protest and contacted the Onondaga County District Attorney's office. After being contacted by the District Attorney's office, respondent paid his clients the full amount due them.

Respondent also retained the sum of $1,600, representing the broker's real estate commission. Respondent failed to pay the commission and acknowledged that he used the money for his own purposes.

On October 1, 1986, respondent received funds in the amount of $89,293.90 on behalf of another client. He made payments on behalf of that client in the amount of $55,561.16, but failed to remit the balance of $33,732.80 to his client and converted that money to his own use.

Respondent is guilty of all of the violations charged. We have considered the mitigating circumstances submitted by respondent and conclude that he should be disbarred.

DILLON, P. J., CALLAHAN, DOERR, DENMAN and BOOMER, JJ., concur.

Order of disbarment entered.